IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RYAN MELVIN,**

      **Petitioner,**

v.                                                                                        **Case No. 5:22-cv-00199**

**K. HECKARD, WARDEN,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner Ryan Melvin's § 2241 petition to have First Step Act credits applied to his sentence, and Respondent's request that the petition be denied and this case be dismissed. (ECF Nos. 1, 8). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF & R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, Respondent's request for dismissal be **GRANTED**, and this action be **DISMISSED** and removed from the docket of the Court.

**I.**    **Relevant Facts**

Ryan Melvin is a federal prisoner currently housed at FCI Beckley with a projected release date of July 21, 2024. Inmate Locator, Federal Bureau of Prisons, Inmate No.

90034-083. He filed the instant *pro se* § 2241 petition seeking credit under the First Step Act on April 25, 2022. (ECF No. 1). The initial petition provided no detail and merely stated that he was entitled to relief under the First Step Act. (*Id.*). The undersigned ordered Respondent to show cause why relief should not be granted. (ECF No. 7). Respondent complied with the order, stating that Melvin is not entitled to relief because he has not exhausted his administrative remedies, and he is not entitled to have his time credits applied while his recidivism risk score is medium. (ECF No. 8). Melvin's reply states that he is entitled to FSA credits under 18 U.S.C. § 3632(A)(1) and pursuant to Executive Order 14074, although the reply does not make it clear whether Melvin seeks to have the FSA credits applied to his sentence, reducing his remaining prison time, or whether he simply wants the BOP to provide him with a record showing that his FSA credits have been properly calculated. (ECF No. 10). Melvin filed an administrative remedy with the Warden and then appealed the response to the Mid-Atlantic Regional Office on May 8, 2021; the Regional Office understood Melvin's request as asking to be credited for completed FSA courses and responded on May 30, 2021 that the Bureau of Prisons ("BOP") was developing a process to track and calculate time credits. (ECF No. 10 at 4). Melvin did not appeal to the Central Office. (ECF No. 8-1 at 2). Melvin was most recently assessed as being at a medium-level risk of recidivism. (ECF Nos. 8, 10).

## II.    Standard of Review

Respondent included a request for dismissal within its response to Melvin's petition. (ECF No. 8 at 1). Therefore, the request shall be construed as a motion for judgment on the pleadings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Conner v.*

*Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations in the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, a court may consider "matters of public record" including documents from prior or pending court proceedings, *id.*, and "documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship,* 471 F.3d at 526 n.1).

III. **Discussion**

Respondent argues that Melvin's petition should be dismissed for failure to exhaust administrative remedies and because his recidivism risk level does not qualify him to have his FSA credits applied to his sentence. (ECF No. 8). The undersigned agrees.

Although 28 U.S.C. § 2241 does not require exhaustion of administrative remedies, courts typically enforce an exhaustion requirement, because the writ of habeas corpus is an extraordinary remedy of last resort. *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir.

3

2010). A prisoner may be able to get the relief he seeks through the BOP grievance system, avoiding the need for any judicial intervention. *See Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). Where the prisoner has not gained relief through administrative remedies, the administrative process creates a complete factual record for the court to review. *Id.* The full grievance process within the BOP includes three formal levels: correctional facility, Regional Office, and Central Office. 28 C.F.R. § 542. A prisoner must appeal to all three levels to have exhausted his administrative remedies. *Id.* Melvin filed a grievance with the Warden and appealed that response to the Regional Office, but he did not appeal to the Central Office. (ECF No. 8-1 at 2). Because Melvin has not appealed to the Central Office, the undersigned **FINDS** that he has not exhausted his administrative remedies, and the Court should dismiss his petition.

Even if Melvin had exhausted his administrative remedies, however, he would not be entitled to relief under the FSA. Melvin's petition is ambiguous about the relief he requests: he asks the Court to order Respondent to "award" him his time credits. (ECF No. 10 at 2). Because some federal prisoners are eligible to receive time credits but not eligible to apply the credits to their sentence, *see* 28 C.F.R. §§ 523.42 and 523.44, Melvin's petition could be interpreted either as asking the BOP to provide an accurate calculation of his FSA time credits, or as asking the BOP to apply the credits to his sentence and reduce his remaining prison time. Melvin is not entitled to either. While the FSA states that eligible prisoners will receive time credits for completing FSA programming, the statute does not require the BOP to supply prisoners with an accounting of their total credits whenever they demand it. *See* 28 C.F.R. § 523.42. The BOP is currently calculating the retroactive application of time credits for inmates who may immediately apply that credit, and they are developing a system to auto-calculate the time credits all inmates have

4

earned, regardless of recidivism risk level. (ECF No. 8-1 at 3). Presumably, the BOP will inform Melvin and other prisoners of their earned time credits once this system is in place, as was promised in the Regional Office's response to Melvin's administrative appeal. (ECF No. 10 at 4).

As to the application of FSA time credits, generally, an eligible prisoner may have these time credits applied against his sentence and toward prerelease custody or supervised release under certain circumstances outlined in the law. 28 C.F.R. § 523.44(a). Specifically, the BOP may apply earned FSA time credits toward prerelease custody when an inmate has: (1) earned time credits in an amount equal to the remainder of the inmate's imposed sentence; (2) shown through periodic risk reassessments a demonstrated recidivism risk reduction, or maintained a minimum or low recidivism risk during the term of imprisonment; (3) had the remainder of his sentence computed under applicable law, and also, (4) either maintained a minimum or low recidivism risk through his last two risk and needs assessments, or had a petition to be transferred to prerelease custody or supervised release approved by the Warden after certain determinations were made. 18 U.S.C § 3624(g); 28 C.F.R. § 523.44(b) and (c). Similar requirements exist for a transfer to supervised release using earned FSA time credits. 28 C.F.R. § 523.44(d). Because Melvin has not yet met these criteria, (ECF Nos. 8, 10), he cannot have his earned FSA credits applied to his sentence.

In his reply, Melvin cites to 18 U.S.C. § 3632 and Executive Order 14074 as supporting his petition. (ECF No. 10). Section 3632, which partially codifies the First Step Act, states that prisoners who complete the applicable programming shall earn time credits. However, this section does not state that prisoners of all risk levels will have that credit immediately applied to their sentence. 18 U.S.C. § 3632(d)(4). To the contrary,

5

applicable statutes and regulations make clear that time credits shall only be applied as set forth in 18 U.S.C. § 3624 and 28 C.F.R. § 523.44. As to Executive Order 14074, while it provides in part that the Attorney General shall submit a report to the President analyzing the current implementation of the First Step Act, it does not directly affect the rights of inmates under the Act. *See* Exec. Order 14,074, 87 FR 32945 (May 25, 2022).

For the above reasons, the undersigned **FINDS** that Petitioner fails to assert a cognizable claim under the FSA or any other law. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the petition and **DISMISS** this action.

### IV. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's request for dismissal, (ECF No. 8), be **GRANTED**; Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: November 29, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge